UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LESLIE LAWSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 6:23-cv-00025-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JASON WILSON, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Leslie Lawson is currently confined at the Whitley County Detention Center ("WCDC") in Williamsburg, Kentucky. Proceeding without counsel, Lawson has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and a motion to proceed *in forma pauperis*. [R. 3.] However, the account information submitted in support of his motion shows only his inmate account balance on September 28, 2022 (over five months ago)[1] and reflects that Lawson has a sufficient balance to pay the $5.00 filing fee. [R. 4.] For both of these reasons, Lawson's motion to proceed *in forma pauperis* will be denied.

Even so, the Court will conduct the initial screening of Lawson's § 2241 petition required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[2] According to his § 2241 petition, Lawson is currently being held in the WCDC pending resolution of state criminal charges filed against him by the Commonwealth of Kentucky in *Commonwealth v. Lawson*, No. 22-cr-039 (Whitley Cir. Ct.). A review of the docket in

---

[1] A motion to proceed *in forma pauperis* must be supported by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint…, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).
[2] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Lawson's state criminal proceeding shows that in February 2022, Lawson was charged in an indictment with one count of fleeing or evading police in the first degree, one count of criminal mischief in the first degree, one count of theft by unlawful taking or disposition, and one count of possession of burglary tools.[3]  According to Lawson, while he was out on bond pending resolution of these charges, he had a September 19, 2022 court appearance, during which the Commonwealth's Attorney requested that a drug urinalysis test be administered by a probation/parole officer.  [R. 1 at 5.]  According to the court docket in his state criminal case, on September 19, 2022, Lawson was charged and found guilty of contempt of court for a failed drug test and sentenced to six months in jail.  His remaining charges remain pending.

In his § 2241 petition, Lawson claims that, after the officer administering his urinalysis asked Lawson to seal it up to send it into the lab, he then told Lawson that he does not actually send the tests off to the lab.  [R. 1 at 5.]  Lawson claims that this violates Kentucky Department of Corrections' Policies and Procedures and Lawson's constitutional due process rights.  *Id*.  Lawson requests that he be released from custody and the urinalysis test be expunged from his record and/or that the Court set this matter for an evidentiary hearing and a new bond hearing.  *Id*. at 8.

After reviewing Lawson's § 2241 petition, the Court concludes that it must be denied because it is apparent that Lawson is not entitled to habeas relief.  While a pretrial detainee in state custody may file a petition for a writ of habeas corpus pursuant to § 2241 to challenge his prosecution prior to judgment, *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d

---

[3] The Kentucky Court of Justice online court records are available at https://kcoj kycourts net/kyecourts.  The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

804, 809 (6th Cir. 2012), the circumstances in which he or she may do so are "rare," as "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014).  Indeed, "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981).  As further explained in *Atkins*:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id*. (citations omitted).  *See also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

Thus, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) 'special circumstances' warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010).  Moreover, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810.  *See also Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985).

While Lawson claims that he has tried to exhaust his administrative remedies by filing a grievance with the jail [R. 1 at 7], his § 2241 petition does not suggest that he has raised any due process challenges related to his contempt charges in either the Whitley Circuit Court, nor any higher appellate court, nor is there any indication in the record in his state criminal case that he has done so. *See Commonwealth v. Lawson*, No. 22-cr-039 (Whitley Cir. Ct.). Moreover, a review of the online records for the Kentucky Court of Appeals and the Supreme Court of Kentucky shows that Lawson has not appealed his contempt charges further within the state court system. *See* Kentucky Court of Justice C-Track Public Access, available at https://appellatepublic.kycourts.net/ (last visited Feb. 23, 2022). Thus, Lawson has not exhausted his available state court remedies with respect to his claims.

Moreover, the allegations of Lawson's petition do not suggest the existence of other "special circumstances" that would warrant this Court's intervention into Lawson's Kentucky criminal proceedings. Lawson is being represented by counsel in his Kentucky criminal case and there is nothing in the record to suggest that Lawson's counsel is unable to protect Lawson's constitutional rights.

For all of these reasons, considerations of federalism and comity strongly counsel against this Court's intrusion into Lawson's Kentucky criminal proceedings. Thus, this Court will abstain from exercising habeas jurisdiction over Lawson's claims and deny his § 2241 petition without prejudice to afford him the opportunity to exhaust his remedies available through the Kentucky court system prior to seeking federal habeas relief.

Accordingly, it is hereby **ORDERED** as follows:

1. Lawson's motion to proceed *in forma pauperis* [**R. 3**] is **DENIED**;

2. Lawson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED WITHOUT PREJUDICE**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

4. The Court will enter an appropriate judgment.

This the 27th day of February, 2023.

Gregory F. Van Tatenhove
United States District Judge